```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America

    v.                                   Case No. 2:95-cr-140-1

Patrick Edwin Rudd

<u>ORDER</u>

    Defendant has filed a motion styled as a "motion to dismiss" the "order" of the Chief U.S. Probation Officer of the District of Rhode Island requiring him to appear to provide a DNA sample. Defendant argues that as a "white collar" nonviolent offender, he is not within the class of defendants who are required to provide a sample, and that obtaining the sample against his will would violate his rights under the Fourth Amendment.

    Defendant was sentenced in 1996 for two counts of mail fraud in violation of 18 U.S.C. §1341 and two counts of bank fraud in violation of 18 U.S.C. §1344.  Defendant was sentenced to a term of incarceration, to be followed by a term of supervised release. After serving his term of incarceration, the defendant was released on supervised release, and he is currently being supervised by the United States Probation Office in the District of Rhode Island.

    In 2000, Congress enacted the DNA Analysis Backlog Elimination Act of 2000.  The federal sentencing laws were amended to provide that the court "shall order as an explicit condition of supervised release, that the defendant cooperate in the collection of a DNA sample from the defendant, if the collection of such a sample is authorized pursuant to" the Act.  18 U.S.C. §3583(d).  In addition, the Act provides that the "probation office responsible for the supervision under Federal law of an individual on ... supervised release shall collect a DNA sample from each such individual who

is, or has been, convicted of a qualifying Federal offense" as defined in subsection (d) of 42 U.S.C. §14135a.  42 U.S.C. §14135a(a)(2).  In its original form, the Act defined the term "qualifying Federal offenses" as including homicide, certain sex offenses, offenses relating to peonage and slavery, kidnapping, robbery, burglary, and any crimes of violence.  However, on October 30, 2004, the Act was amended, and the term "qualifying Federal offenses" now includes "[a]ny felony."  42 U.S.C. §14135a(d)(1).

Pursuant to the probation officer's statutory duty under §14135a(a)(2), defendant was directed, by letter dated August 17, 2006, to report to the Probation Office in Rhode Island on September 21, 2006, to provide DNA in the form of a blood sample, as well as fingerprints for identification purposes.  Defendant then filed the instant motion.

The defendant has been convicted of felony offenses under federal law, and therefore falls within the scope of the requirements for the collection of a DNA sample under the Act.  The Act clearly applies to persons convicted of any federal felony, not just violent offenders.

In addition, the application of the law to defendant would not violate defendant's right to be protected from unreasonable searches and seizures under the Fourth Amendment.  In United States v. Conley, 453 F.3d 674 (6th Cir. 2006), the court held that the collection of DNA pursuant to the Act from a defendant convicted of bank fraud under 18 U.S.C. §1344 was not an unreasonable search and seizure.  See also United States v. Kraklio, 451 F.3d 922 (8th Cir. 2006)(enforcement of the Act did not result in an unreasonable search or seizure under the Fourth Amendment); Johnson v. Quander,

440 F.3d 489 (D.C.Cir. 2006)(requiring probationer to submit DNA sample was reasonable under the Fourth Amendment); United States v. Sczubelek, 402 F.3d 175 (3d Cir. 2005)(no Fourth Amendment violation); United States v. Kincade, 379 F.3d 813 (9th Cir. 2004)(the Act is constitutional).

The defendant's motion to override the directive of the probation officer is denied.  In accordance with §3583(d), the conditions of defendant's supervised release are hereby amended to include the requirement that the defendant cooperate in the collection of a DNA sample from him as directed by his probation officer.

Date: August 31, 2006            s\James L. Graham
                                 James L. Graham
                                 United States District Judge